IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JACKSON PAVELKA AND KAYLEE PAVELKA, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAUL MOSS INSURANCE AGENCY, LLC D/B/A EPIQ INSURANCE AGENCY, an Ohio limited liability company,<br><br>*Defendant*. | Case No.: 1:22-cv-02226-DCN<br><br>Judge Donald C. Nugent<br><br>REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND LR 16.3(b) |

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), the following counsel of record have conferred:

Taylor T. Smith, counsel for Plaintiffs and the alleged classes.

Steven J. Forbes and Matthew N. Foree, counsel for Defendant.

2. The parties will exchange pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order by <u>February 24, 2023</u>.

3. The Parties recommend the following track: Complex.

4. The case is suitable for mediation, but the Parties believe a mediation session would be most useful after a reasonable period of discovery.

5. The Parties do not consent to the jurisdiction of the United States Magistrate Judge.

6. Recommended Discovery Plan:

(a) Describe the subjects on which discovery is to be sought and the nature and extent of

1

discovery.

Plaintiffs' Position: Plaintiffs will need discovery on Defendant's equipment used to place the calls and text messages at issue, the content of the calls and text messages, the source of any supposed consent, Defendant's ability to identify all others who consented and were called in the same way, and Defendant's defenses.

Defendant's Position: Defendant will need discovery as to the calls and texts Plaintiffs allege they received, consent, and alleged damages.

(b) The Parties have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to Northern District of Ohio Local Rules).

(c) Non-Expert Discovery cut-off date:

Plaintiffs' Position: Plaintiffs oppose Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to disagreement and the need for Court supervision. *See* Manual for Complex Litig. § 11.214 (4th. ed) ("The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically…. Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

The generalized nature of Defendant's bifurcation request underscores why it would be unhelpful in this case. Indeed, Defendant's proposal does not appear to be based on any narrow, dispositive issue so as to warrant bifurcation. *See Cunningham v. Big Think Cap. Inc.*, No. 21CV02162DRHJMW, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021) (denying a motion

to bifurcate discovery in a TCPA case because "[t]he potentially dispositive issue of consent is not narrow enough nor totally distinct from class issues in this case."). Here, Defendant essentially asks the Court to bifurcate discovery to determine whether the calls were placed to Plaintiffs using an automatic telephone dialing system ("ATDS"), with an artificial or prerecorded voice, and with prior express written consent. But all of these issues are common issues for both Plaintiffs and the Classes. Indeed, the class definitions are tailored to calls placed using the same dialing system or that feature an artificial and/or prerecorded voice and where defendant claims that consent was obtained "in the same manner" as it claims consent was obtained for Plaintiffs. Put simply, the answer to all of these questions will be the same for every class member, and delineating between class and merits discovery will lead to continual disputes and constant court intervention.

Because class and merits discovery are typically intertwined, most courts to consider this issue decline to bifurcate TCPA class actions. *See Dembski v. Clear Rate Commc'ns, Inc.*, No. 18-CV-12622, 2019 WL 13197716, at *2 (E.D. Mich. May 1, 2019) (denying to bifurcate a TCPA class action because the "overlap between class discovery and merits discovery likely mean that bifurcating discovery would lead to future motion practice before the Court regarding the scope of any discovery taken."); *Hartley-Culp v. Credit Mgmt. Co.*, No. 3:CV-14-0282, 2014 WL 4630852, at *4 (M.D. Pa. Sept. 15, 2014) (declining to bifurcate discovery in a TCPA class action and noting, "we concur with Plaintiff that bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions."); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("many courts 'are

3

reluctant to bifurcate class-related discovery from discovery on the merits. . . . This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." (citations omitted)); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("the merits/certification distinction is not always clear. Facts that are relevant to the class determination frequently will overlap with those relevant to the merits of the case."); *Johansen v. Loandepot.com LLC*, No. SACV2000919DOCJDE, 2020 WL 7230976, at *1 (C.D. Cal. Nov. 10, 2020) (declining to bifurcate a TCPA class action because of the substantial overlap between class and merits discovery); *See In re Groupon, Inc. Sec. Litig.,* No. 12 C 2450, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014) ("several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery.").

Additionally, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiffs, but not Defendant, from moving for summary judgment prior to class certification. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (citation omitted). In short, under Defendant's plan, Plaintiffs would need to first clear the hurdle of proving they can beat summary judgment on their individual claims without any corresponding ability to seek summary judgment in their favor. Then, only after surviving summary judgment would Plaintiffs be able to seek discovery related to class certification—which will take months to gather. In this case, bifurcating discovery is will only serve to delay the case. Moreover, because there is no barrier to filing a

4

motion for summary judgment, Defendant is free to seek discovery on its defenses and file a motion for summary judgment as soon as practicable.

Accordingly, Plaintiffs propose that discovery should proceed with respect to both class and merits issues for a period of ten (10) months, until December 27, 2023. The first eight (8) months, through October 27, 2023, will be devoted to written and oral fact discovery. The final two (2) months will be devoted to experts. At the close of this ten (10) month period, the Parties would brief class certification. Plaintiffs propose that their Motion for Class Certification be due by January 12, 2024. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and trial.

Defendant's Position: Plaintiff's Complaint alleges violations of the TCPA based on two causes of action: (1) Defendant used an automatic telephone dialing system ("ATDS") without prior express consent and (2) Defendant made prerecorded calls to residential telephone numbers without prior express written consent. Whether Defendant used an ATDS and whether it made prerecorded calls are both narrow, potentially dispositive issues. Similarly, the issue of Plaintiffs' consent to receive the calls is also dispositive. If Defendant did not use an ATDS or make prerecorded calls, or Plaintiffs consented to the calls, there is no basis for Plaintiff's claims and, thus, no basis for a class action for either cause of action. Additionally, these narrow issues are distinct from class issues as to numerosity, commonality, typicality, and adequacy of representation.

Rule 42(b) provides that trial courts may hold separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." Fed.R.Civ.P. 42(b). Significantly, courts bifurcate discovery in TCPA cases where narrow, potentially dispositive issues can be decided at the outset of a case prior to costly class discovery. *See, e.g., Akselrod v. MarketPro Homebuyers LLC*, Case No. CCB-20-2966, 2021 WL 100666 (D. Maryland Jan 12, 2021) (bifurcating discovery in TCPA case after determining that whether an ATDS was used was an issue of liability distinct from class certification issues and that limited discovery had potential to simplify the case and save both parties time and expense of class discovery); *Newell v. Aliera Healthcare, Inc.*, Case No. 1:19-cv-01489-SCJ, 2020 WL 13568762 (N.D. Ga. April 6, 2020) (bifurcating discovery in TCPA case on issues of whether Plaintiff was called by ATDS and on prior express consent); *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, Case No. 12-2132 (FLW), 2014 WL 413534 (D. N.J. Feb. 4, 2014) (bifurcating discovery in TCPA fax case based on narrow, potentially dispositive issue that was distinct from class issues and recognizing that bifurcation has potential to save the parties and Court from costs and burdens of class discovery).

Accordingly, Defendant proposes that discovery be conducted in two phases. The first phase should be limited discovery with respect to merits issues on Plaintiffs' individual claims, including inquiry as to (1) whether Defendant made calls and texts to Plaintiffs using an ATDS (2) whether Defendant made prerecorded calls to telephone numbers belonging to Plaintiffs; and (3) the issue of consent. Each of these issues is dispositive and has the potential to save the parties and the Court from costs and burdens of class discovery.

6

This first phase as to merits issues on Plaintiffs' individual claims shall be for a period of five (5) months, until July 27, 2023. The first three (3) months of this period, through May 27, 2023, will be devoted to written and oral fact discovery. The final two (2) months will be devoted to experts. At the close of this period, Defendant intends to file a dispositive motion. If the Court grants the dispositive motion, no further discovery on any issue will be necessary. If the Court denies the dispositive motion, discovery can then proceed on all issues including class issues for six (6) months after the date of the Order on the dispositive motion. Defendant proposes that Plaintiffs' Motion for Class Certification be due within fifteen (15) days after the close of class discovery.

(d) Expert Discovery:

Plaintiffs' proposed deadlines:

Plaintiffs' expert report shall be due on November 8, 2023

Defendant's expert report shall be due on November 29, 2023

Rebuttal expert report shall be due on December 13, 2023

Expert discovery cut-off date: December 27, 2023

Defendant's proposed deadlines:

Plaintiffs' expert report shall be due on June 8, 2023

Defendant's expert report shall be due on June 29, 2023

Rebuttal expert report shall be due on July 13, 2023

Expert discovery cut-off date: July 27, 2023

7. Recommended dispositive motion date: Plaintiffs request that the dispositive

motion date be set at the subsequent case management conference following a ruling on class certification.  Defendant requests that the dispositive motion date be set for August 26, 2023, 30 days after the close of merits discovery on Plaintiffs' individual claims.

8. Recommend cut-off date for amending the pleadings and/or adding additional parties: May 29, 2023.

9. Recommended date for Status Hearing: The parties propose that a status conference should be scheduled within 60-days after the addition of a new party. However, if no additional parties are added to this case, then the Court should set a second status conference after a determination is made regarding class certification.

10. Other matters for the attention of the Court: none at this time.

Respectfully Submitted,

**JACKSON PAVELKA and KAYLEE PAVELKA**, individually and on behalf of all others similarly situated,

Dated: February 22, 2023

By:  /s/ Taylor T. Smith

Scott D. Simpkins
SDSIMP@climacolaw.com
Climaco, Wilcox, Peca & Garofoli Co., LPA
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484

Taylor T. Smith (admitted *pro hac vice*)
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*Attorneys for Plaintiffs and the Classes*

Dated: February 22, 2023          By:   /s/ Matthew N. Foree

                                                 Matthew N. Foree (admitted *pro hac vice*)
Freeman Mathis & Gary
Suite 1600
100 Galleria Parkway
Atlanta, GA 30339
770-818-4245
Email: mforee@fmglaw.com

Steven J. Forbes
Freeman Mathis & Gary
Ste. 210
Commerce Park IV
23240 Chagrin Blvd.
Cleveland, OH 44122
216-514-9500
Fax: 888-356-3596
Email: steve.forbes@fmglaw.com

*Attorneys for Defendant*