**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACKSON PAVELKA AND KAYLEE PAVELKA,** | ) | **CASE NO.  1:22 CV 02226** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **PAUL MOSS INSURANCE AGENCY, LLC dba EPIQ INSURANCE AGENCY** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **Defendant.** | ) | **AND ORDER** |

This case is now before the Court on *Defendant's Motion for Determination That Plaintiffs Are Not Proper Parties and to Dismiss the Complaint* (ECF #20) ("*Motion to Dismiss*"), filed by Defendant Paul Moss Insurance Agency ("Defendant" or "Paul Moss Insurance") on March 31, 2023.  Plaintiffs Jackson Pavelka and Kaylee Pavelka ("Plaintiffs") filed their opposition to Defendant's motion on April 18, 2023 (ECF #22), and Defendant filed a reply on May 12, 2023 (ECF #24).  For the reasons set forth below, Defendant's *Motion to Dismiss* (ECF #20) is DENIED.

## I. BACKGROUND FACTS

On December 9, 2022, Plaintiffs filed this action against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), alleging two claims of violation of

the TCPA. The first claim alleges that Defendant Paul Moss Insurance made calls to Plaintiffs using an automatic telephone dialing system ("ATDS") without Plaintiffs' consent (ECF #1 [*Complaint*], ¶¶ 36-43). The second claim alleges that Defendant made calls to Plaintiffs using a prerecorded voice without Plaintiffs' consent (ECF #1, ¶¶ 44-50). Plaintiffs' *Complaint* also seeks to raise these claims as a class action "individually and on behalf of all others similarly situated" (ECF #1, Caption & ¶¶ 17, 28-35) on behalf of two putative nationwide classes.

The gist of Defendant's *Motion to Dismiss* are assertions that: (1) Paul Moss Insurance did not initiate *any* call with Plaintiffs, but rather that it received a "warm transfer" (in effect, that Paul Moss Insurance received the transfer of an initial call from another entity, Datalot, with Plaintiff Kaylee Pavelka on the line, based on the direction or consent of Kaylee Pavelka after she received the initial call from Datalot), and that Paul Moss Insurance does not utilize an ATDS system; (2) Paul Moss Insurance (again) did not make any telephone calls to Plaintiffs, and that it does not use a prerecorded voice in its communications; (3) Plaintiffs have not identified any "harm" caused by Defendant, based on the fact that Paul Moss Insurance did not initiate any calls with Plaintiffs (effectively, that Plaintiffs "lack standing" for their claims); and (4) Plaintiffs have not identified any facts that Paul Moss Insurance could be held "vicariously liable" for any calls made by third parties, including Datalot (effectively, that no "agency" existed between Paul Moss Insurance and any third party).

Among the items submitted in support of Defendant's motion are copies of texts between Paul Moss Insurance and Kaylee Pavelka indicating that Ms. Pavelka consented to receiving the texts from Paul Moss Insurance, and that the texts were in fact responsive to information provided by Ms. Pavelka, as well as recordings of two telephone conversations Ms. Pavelka had,

first, with Datalot, and then with Paul Moss Insurance, each of which last a number of minutes long and evidence a consensual exchange of information between the caller and Ms. Pavelka. There is no dispute that the only Plaintiff who had *any* interaction with Defendant Paul Moss Insurance (or Datalot) was Plaintiff Kaylee Pavelka, who is the "primary and customary user" of the cellular phone at issue in this case (ECF #1, ¶ 18).[1]

## II. APPLICABLE LAW

The TCPA makes it illegal to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice . . . to any telephone assigned to a paging service [or] cellular service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court has further held that to qualify as an "automatic telephone dialing system" within the meaning of the TCPA, a device must have the "capacity to use a random or sequential number generator to either store or produce phone numbers to be called." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

## III. ANALYSIS

Defendant's motion raises a number of factual issues that make the granting of a motion to dismiss premature at this time. Both Plaintiffs and Defendant, in their briefing on Defendant's motion, present a number of matters that are outside the Pleadings, including various contract

---

[1]
    Plaintiff Jackson Pavelka (Kaylee Pavelka's husband) is named as a Plaintiff solely because he is the "subscriber" for the subject phone's cellular account (ECF #1, ¶ 19).

provisions between Defendant Paul Moss Insurance and Datalot, affidavits, copies of text messages, and recordings of the telephone conversations between Plaintiff Kaylee Pavelka and Datalot and between Plaintiff Kaylee Pavelka and Defendant Paul Moss Insurance. While FED. R. CIV. P. 12(d) permits a court to then treat a motion to dismiss under FED. R. CIV. P. 12(b) or a motion for judgment on the pleadings under FED. R. CIV. P. 12(c) as one for summary judgment under FED. R. CIV. P. 56,[2] the rule also requires that "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d).

This case is still in its preliminary stages and discovery is ongoing. At the Case Management Conference, held on February 27, 2023, Defendant (following the position it raised in the FED. R. CIV. P. 26(f) and LR 16.3(b) *Planning Report of the Parties*, ECF #14) suggested that the Court bifurcate discovery, under Fed. R. Civ. P. 42(b), to first address the liability claims under the TCPA related to Plaintiffs individually, and to accept summary briefing and rule upon such individual liability issues first, before expanding the scope of discovery to encompass Plaintiffs' asserted "class action" claims, as the individual liability claims would likely be dispositive of whether the case should thereafter proceed as a "class action." (ECF #14, PageID #64-66).

Federal Rule of Civil Procedure 42(b) provides, in pertinent part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third party claims." FED. R. CIV. P. 42(b).

---

[2]

Defendant's motion, while captioned *Defendant's Motion for Determination That Plaintiffs Are Not Proper Parties and to Dismiss the Complaint*, does not cite any of the provisions of FED. R. CIV. P. 12(b) (grounds for motions to dismiss) or 12(c) (motion for judgment on the pleadings).

"As to the bifurcation of liability and class discovery, the court considers (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice likely to flow from the grant or denial of a stay of class discovery." *Akselrod v. MarketPro Homebuyers LLC*, Civil No. CCB-20-2966, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (citing 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014).

In cases asserting both individual liability and potential "class action" claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery. *See, e.g.*, *Akselrod*, 2021 WL 100666, at *2 (bifurcating discovery in TCPA case after determining that whether an ATDS was used was an issue of liability distinct from class certification, and "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive"); *Physicians Healthsource, Inc. v. Janssen Pharm, Inc.*, Civil Action No. 12-2132 (FLW), 2014 WL 413534, at *4-5 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA fax case based on a narrow, potentially dispositive issue that was distinct from class issues, and recognizing that bifurcation had the potential to "save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery").

In another case, similar to this one, where the issue of the plaintiff's consent was a key dispositive issue, the court highlighted the appropriateness of bifurcating the individual liability and class discovery:

Upon review, the Court finds that bifurcating discovery as proposed by [Defendant] is warranted under Rule 42(b). In this regard, the Court agrees with [Defendant] that a narrow, potentially dispositive issue exists concerning whether Plaintiff was called by an ATDS[.] Specifically, Plaintiff alleges in his complaint that he was called with a "predictive dialer." . . . [D]epending on what evidence is ultimately presented, the Court may determine that Plaintiff's individual TCPA claim fails as a matter of law.

For similar reasons, the Court also finds that targeted discovery on the issue of consent is also warranted. As [Defendant] correctly points out, prior express consent to receive the calls at issue is a complete defense to TCPA claims. Because consent is a dispositive issue, as with the ATDS issue, limited discovery on how [Defendant] acquired Plaintiff's contact information and whether that acquisition constitutes consent under the TCPA "has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery."

\* \* \*

Everything considered, the Court finds that bifurcating discovery into two phases (*i.e.*, limited discovery into the merits of Plaintiff's individual TCPA claim followed by class-wide discovery if Plaintiff's individual TCPA complaint survives) will promote the efficient resolution of this matter. It will allow the Court to address a narrow, potentially dispositive issue in a timely and cost-effective manner with no significant prejudice to Plaintiff.

*Newell v. Aliera Healthcare, Inc.*, Civil Action No. 1:19-CV-01489-SCJ (N.D. Ga. Apr. 6, 2020) (citations omitted, bracketed inserts provided, parenthetical insert in original).

The Court finds that bifurcation of discovery to first address the individual liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate under FED. R. CIV. P. 42(b). The Court also finds that the parties should be given an opportunity to complete discovery on Plaintiffs' individual liability claims prior to any summary judgment motion practice that may be initiated on those individual claims at a later date.

Accordingly, *Defendant's Motion for Determination That Plaintiffs Are Not Proper*

*Parties and to Dismiss the Complaint* (ECF #20) is premature, and is not in a posture to rule upon at this time.

### IV.  CONCLUSION

For each of the reasons stated above, *Defendant's Motion for Determination That Plaintiffs Are Not Proper Parties and to Dismiss the Complaint* (ECF #20) is DENIED.

IT IS SO ORDERED.


_____
DONALD C. NUGENT
United States District Judge


DATED: _____